[No. 5121.]
[No. 2705 C. A.]

## GRAY v. LINTON.

1. **Pleading—Complaint—Breach of Contract and Tort—Motion to Elect.**

A complaint alleged that plaintiff leased a certain building for a term of one year, to be used for a rooming and boarding house; that a few months thereafter defendant entered upon the premises, and, with loud and threatening language, ordered her to vacate, threatening to throw her out by force and violence and to tear the house down over her head; that he entered into a contract with certain contractors to tear down the building and erect a new one, and, in pursuance with such agreement, the contractors brought building material in large quantities and piled it in front of and around the premises, thus shutting off and interfering with the approach thereto; and that the threats to demolish the premises were continued from time to time until, as a result thereof, plaintiff's tenants and roomers were driven away and her business completely broken up, so that she was compelled to terminate the tenancy. Held, that a motion to compel plaintiff to elect whether she would seek to recover on a breach of contract or for the tort was properly overruled, since in our practice it is not necessary to name the cause of action, as the Code of Civil Procedure only requires that the facts constituting such cause shall be stated in the complaint.—P. 177.

2. **Landlord and Tenant—Eviction—Action for Damages—Exemplary Damages—Instruction in Language of Statute.**

A dispute arose between a landlord and tenant as to the terms of a lease upon a certain building, the former asserting that the tenancy was from month to month, while the latter insisted it was for a year. The landlord served a notice to terminate the tenancy and demanded possession, and later employed contractors to tear down the building, who, pursuant to instructions, employed men and kept some of them around the premises for about a month. To prevent them from obtaining possession the tenant employed other men to guard the property. The contractors placed large quantities of building material in the street upon two sides of the premises, rendering the place unattractive, and by reason of which, and on account of constant turmoil and excitement, the tenant's roomers abandoned the premises and others could not be obtained. The landlord threatened to throw the tenant out and her furniture after her, and one of the contractors threatened to bring fifty men and

"take the house front and back and tear it down," emphasizing his remarks by shaking his fist at the tenant. This continued for months, the landlord refusing to bring an action of unlawful detainer and persisting in his threats, intimidation and annoyance to compel the tenant to vacate; and finally when an action of unlawful detainer was brought, it was decided in favor of the tenant. Held, in an action by the tenant for damages, after having been compelled to terminate the tenancy on account of the landlord's conduct, that an instruction was proper which was substantially in the language of Mills' Ann. Stats., § 1512, providing that if the injuries complained of were attended by wanton and reckless disregard of plaintiff's rights and feelings, exemplary damages might be awarded; and a further instruction was also proper that, if the jury found for plaintiff, she was entitled to such damages as she may have suffered on account of the piling of the building material in the streets adjacent to the property, if done by authority of defendant, and that, if defendant had threatened to take forcible possession and did such things as to reasonably cause plaintiff to believe that· he would do so, and the employment of guards was necessary, plaintiff was entitled to recover for such expenses, and that the jury should consider the amount of business that plaintiff was doing, and to what extent it was injured.—P. 178.

3. **Landlord and Tenant—Eviction—Action for Damages—Evidence—Former Judgment in Unlawful Detainer—Failure to Plead.**

A landlord attempted forcibly to take possession of leased premises, and later in an action for unlawful detainer it was determined that the tenant was entitled to such possession. Held, in an action by the tenant for damages because of landlord's conduct, whereby she was compelled to terminate the tenancy, that the judgment in the action for unlawful detainer was admissible in evidence, although not pleaded.—P. 184.

*Appeal from the District Court of Arapahoe County. Hon. Peter L. Palmer, Judge.*

Action by Annie E. Linton against William E. Gray. From a judgment for plaintiff, defendant appeals.                    *Affirmed.*

Messrs. DOUD & FOWLER, for appellant.

Mr. C. M. KENDALL and Mr. T. E. WALTERS, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

Appellee, plaintiff below, alleged in her complaint that she leased from defendant certain premises situate in Denver, for one year, the term ending May 14, 1901; that the building was to be used for a rooming and boarding house; that it was the duty of defendant to keep plaintiff in the peaceable possession of the premises; that he violated this duty on the second day of August, 1900, by entering upon the premises and, with loud and threatening language, ordering her to vacate, threatening to throw her out by force and violence, and to tear the house down over her head; that he entered into and contracted with certain contractors, by the terms of which the contractors were to tear down and remove the house and erect a new building; that, pursuant to such contract, the contractors entered upon the premises and attempted to tear down the building, and that, pursuant to the terms of the contract, such contractors brought building material in large quantities and piled the same in the streets in front of and around the premises, upon the gutters and sidewalks adjacent thereto, to a great height, shutting off and interfering with the approach to the premises; and that the threats to enter and demolish the premises. were continued from time to time until and including January, 1901, the result of all of which was that plaintiff's tenants and roomers were all driven away and her business completely broken up, and she was compelled to terminate the tenancy.

At the close of plaintiff's case, after she had submitted proof in support of the allegations of the complaint, defendant moved the court to require plaintiff to elect whether she would seek to recover upon the alleged breach of contract, or for the tort. This motion was overruled, and error is assigned.

The Code of Civil Procedure provides that the facts constituting plaintiff's cause of action shall be stated in the complaint. That is all that appears to have been done in this case. It matters not whether we call it an action for breach of contract, or an action in trespass. It appears to have been one transaction, and, as such, could be sued upon in one action. If we call it an action for breach of contract, the trespass was the matter which constituted the breach, and was proper to be pleaded and proven. If we call it an action for trespass, then the contract pleaded is but an aggravation of the damages suffered, for the defendant covenanted not to do the very mischief which he did. In our practice, it is not necessary to brand a cause of action. It is sufficient if the facts stated constitute one, and that two or more are not improperly joined. This rule has not been violated in the present case.

Over the objection of defendant, the court gave the following instruction:

"The court further instructs the jury that, if you find from the evidence that the plaintiff had a lease on said premises expiring May 14, 1901, and the defendant disturbed plaintiff in the peaceable and quiet enjoyment of said premises, and that the plaintiff suffered substantial damages therefrom, and that the injuries complained of were attended by a wanton and reckless disregard of the plaintiff's rights and feelings, the jury may, in addition to the actual damages sustained by the plaintiff, award her reasonable exemplary damages." The giving of which is assigned as error.

The instruction is practically in the language of the statute.—Mills' Ann. Stats., § 1512.

It has been said by this court:

"To justify a recovery of exemplary damages, the act causing the injuries must be done with an

evil intent, and with the purpose of injuring the plaintiff, or with such a wanton and reckless disregard of his rights as evidence a wrongful motive."—*Crymble v. Mulvaney*, 21 Colo. 204; *Denver Tramway Co. v. Cloud*, 6 Colo. App. 445; *Page v. Yool*, 28 Colo. 464.

Because of this doctrine, it is the contention of appellant "that there is nothing in the evidence which justifies any instruction concerning exemplary damages."

A dispute had arisen between plaintiff and defendant as to whether or not plaintiff had a lease for a year or was a tenant from month to month, plaintiff contending the former, and defendant the latter. Defendant served notice upon plaintiff, attempting to terminate the tenancy, and demanding possession. Plaintiff refused to quit, and the trouble commenced.

There was evidence tending to show that the defendant employed two contractors to tear down the building and erect a new one. He authorized them to employ ten or twelve men to take possession, and gave them a written guarantee to save them free from expense on account of it. Pursuant to such instructions, they had employed the men and kept some of them around the premises for something like a month. To prevent them from taking possession, plaintiff employed a number of men to guard this property. These contractors took large quantities of building material, and placed it in the streets upon two sides of the premises, rendering the place unattractive, by reason of which, and on account of the constant turmoil and excitement, Mrs. Linton's roomers abandoned the premises, and she was unable to procure others in their stead. Defendant threatened to throw plaintiff out, and her furniture after her. One of the contractors threatened to bring fifty men and "take the house, front and

back, and tear it down," emphasizing his remarks by shaking his fist at plaintiff.

Defendant also informed another tenant occupying another portion of the premises that he would commence an excavation, extending it up to the house and causing the building to fall. This sort of conduct was continued for months, during which time defendant and his attorneys were requested to institute an action for unlawful detainer, so that it might be determined whether or not Mrs. Linton had the right to remain in possession. He refused to do this. Plaintiff also appealed to him to give his word that he would not attempt to take forcible possession, so that she might discharge her guards. This he also refused, but sought rather by threats, intimidation and annoyance to compel her to vacate. Failing in this, he subsequently brought the action, and it was determined, both in the justice and county courts, that the plaintiff was entitled to the possession of the premises. Because of the difficulty arising between her and her landlord, plaintiff became ill and distressed, and was compelled to employ a physician.

If this testimony was true, defendant's action was arbitrary, and looked toward oppression. He wantonly and recklessly disregarded plaintiff's rights to such an extent as to show a wrongful motive. He took the obtaining of the rights which he claimed, or the righting of his fancied wrongs, in his own hands, when the law would have furnished him with speedy and adequate relief, had he applied for it and shown himself entitled to it under such circumstances. The instruction was eminently proper. —*Gross v. Hays,* 73 Texas 515; *Jasper v. Purnell,* 67 Ill. 358.

In this connection, the court properly instructed the jury that defendant was not liable for any of

the actions of the contractors, unless he authorized or directed the same.

The court instructed the jury, in effect, that, if they found for the plaintiff, she was entitled to such damages as she may have suffered on account of the piling of the building material in the streets adjacent to the property, if the same was done by the authority of the defendant, and if the defendant had threatened to take forcible possession of the property, and if he did, or caused to be done, such things as to reasonably cause plaintiff to believe that possession would be taken by force and the employment of guards was necessary, and if, from the evidence, they found it was reasonably necessary to employ such guards, then she was entitled to recover so much of such expense as was reasonably and necessarily incurred in that behalf, and that the jury should take into consideration the amount of business that plaintiff was doing at the time of the commencement of such said wrongful acts, to what extent the plaintiff's business was injured on account thereof, the loss on furniture (if any), the loss (if any) of money in fixing up the building.

Without setting up the instructions in full, the above may be said to be the effect of them. Defendant objected to them, and insisted that the true measure of damage was the depreciation of the market value of her lease during the time that she was actually disturbed, and such depreciation as was caused by such disturbance. It is contended by defendant, in his brief, that, had Mrs. Linton removed from the property when her possession was threatened, she would have been entitled to recover the value of her leasehold estate, and no more. That may be true, but that is not this case. She did not remove, and defendant continued to annoy her until, having lost her business and being physically and

mentally distressed, she was compelled to do so. The leasehold being her property, and defendant being unable to divest her of it lawfully, may he take the law into his own hands, deprive her of her property, and then say it was worth only so much, "which amount I will pay"? That is equivalent to saying that the law will permit that to be lawlessly done which may not be lawfully accomplished, and, while the law may not compel one to sell his property, it will permit another to take it by paying the reasonable cash value therefor. So far as we are advised, this never has been the law, and we are unwilling to announce that it may hereafter be.

In the case of *Allison v. Chandler,* 11 Mich. 542, it is well reasoned:

"Where a party, though acting in good faith, yet knowing his right to be disputed by a party in possession, instead of resorting to a judicial trial of his right, assumes to take the law into his own hands, and, by violence, to seize the property or right in dispute, he must be held thereby to assume * * * the risk of being able to show * * * that the property was his or that the act was legal; or * * * of paying all the damages the injured party may have suffered from the injury."

It is also said, in the same case that, where, by reason of defendant's trespass, the plaintiff is deprived for the remainder of his term of premises leased by him, he is not limited in his recovery of damages to the difference between the rent he was paying and the rental value of the premises. Where the amount of profits can be shown with reasonable certainty, they constitute thus far a safe measure of damages.

In *Colo. Con. L. & W. Co. v. Hartman,* 5 Colo. App. 150, a case cited by the appellant, the following from *Seely v. Alden,* 61 Pa. St. 302, is cited with

approval: "The rule for the measure of damages in cases of tort may be said to be that which aims at actual compensation for the injury." That means, if it means anything, the entire injury; not one part of it, but every portion of it that is the natural result of the wrong, and which could not have been reasonably avoided by appellant in the exercise of ordinary care.

Where a breach of contract is the immediate cause of a damage, and the extent of the loss can be ascertained with reasonable certainty, the party responsible must make it good.—*Goldhammer v. Dyer,* 7 Colo. App. 29.

Defendant contends that the rule in cases of this character is, "that the damages concerned must be the actual, natural and proximate result of the wrong." This is true.—*Streeter v. Marshall Silver Min. Co.,* 4 Colo. 535.

Because of this, it is contended that the allowance of the charge for the employment of the guards was too remote. The defendant knew when he attempted or threatened to attempt to take possession of the premises by force that one of two things would happen; either the plaintiff would give up the premises or she would resist a show of force by a show of force. After the guards were employed, she went to him and requested that he give his word that efforts to take possession by force would cease, and that she would then discharge her guards. This he refused to do, so, in order to hold her possession, it was necessary to do the very thing which his counsel now contends was not the legitimate sequence of the thing amiss. The defendant knew of the employment of the guards. It was within his power to have this burden, which he had imposed upon Mrs. Linton, removed. He refused to do so, and ought not now to be heard to complain that he be made to pay the

very expense which he himself caused. Where the wrongful act of another has made it necessary for the owner of property to expend money in order to prevent its being damaged, the latter should be reimbursed by the wrongdoer.—*Finch v. Central R. R.,* 42 Ia. 307.

If a lessee is evicted by one having a better title, he may recover from his lessor the cost to which he has been put in defending the suit.—Sutherland on Damages, § 865. This being true, by much greater right is the tenant entitled to be reimbursed on account of the reasonable costs and expense in defending her possession against the wrongful attacks of the landlord himself.

Over the objection of defendant, plaintiff was permitted to introduce as evidence the record of the judgment in the county court, wherein it was determined that she was entitled to the possession of the premises. This judgment was not pleaded. This action was not brought for the purpose of determining whether or not Mrs. Linton had a lease upon the premises for one year, but for the purpose of recovering damages suffered on account of the violation of the terms of the lease.

Where a second suit between the same parties involves a different cause of action, which depends upon the existence or non-existence of a fact adjudicated in the first suit, the judgment rendered in the first case being evidence showing, or tending to show, that fact, may be introduced, even though it is not especially pleaded.—*S. P. R. R. Co. v. U. S.,* 168 U. S. 1.

There are errors assigned, other than those we have discussed. We have examined them, and fail to find that they are meritorious. The evidence in this case tends to show that plaintiff was damaged in the sum of about $1,500, excluding such as the

jury may have seen fit to award because of her phys-
ical and mental suffering, and because of exemplary
damages. The verdict rendered by the jury was for
$1,100. It is not contended that this verdict was
excessive. The record in this case demonstrates that
the law was clearly against the defendant. He
sought to override the law, and to do that, by coer-
cion or intimidation, which the law of the land pro-
hibited his doing, and having determined upon his
course, he should be held to pay the damages sus-
tained by reason thereof. He has had a fair trial,
and the judgment will be affirmed.     *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GOD-
DARD concur.