No. 15,554.

CARLSON *v.* BAIN.
(182 P. [2d] 909)

Decided June 16, 1947.

Mr. CHARLES E. FRIEND, for plaintiff in error.

Messrs. McDOUGAL & OAKES, for defendant in error.

*In Department.*

MR. JUSTICE ALTER delivered the opinion of the court.

IN the district court John Bain, defendant in error here, was plaintiff, and Mrs. C. A. Carlson, plaintiff in error here, was defendant. We will refer to the parties as plaintiff and defendant.

Plaintiff brought an action in which he sought damages from defendant for her failure to deliver him possession of ranch property owned by her and leased to him. The trial was to the court without the intervention of a jury, at the conclusion of which, judgment in the sum of $2,500 was entered in favor of plaintiff. To review this judgment defendant is here by writ of error.

The complaint contained two causes of action, in the first of which plaintiff alleged that defendant is the owner of ranch property in Morgan county; that he and defendant "entered into a binding oral agreement whereby she agreed for a valuable consideration to lease to the plaintiff said ranch, which is commonly referred to as the 'Girardo Ranch' or 'Home Place' for an annual consideration of $1,800. That under said contract of lease the plaintiff was to have possession of said premises on or about the 15th day of February, 1944." He then alleged defendant's violation of the lease agreement by refusing to deliver possession to him and entering into a lease agreement with another. Plaintiff alleged

actual damages on account of moneys expended in preparing to enter into possession of the leased premises in the sum of $500, and $10,000 for loss of net earnings and profits which he allegedly would have made by operation of the ranch or farm property.

Defendant answered, admitting ownership of the farm or ranch property and denying all other allegations in the complaint. She further alleged that the oral lease agreement was contrary to, and violated the provisions of, sections 6 and 8, chapter 71, '35 C.S.A., which is the chapter on "frauds and perjuries."

At the trial held on April 27, 1944, resulting in a judgment entered on June 2, 1944, plaintiff announced that since the lapse of time made it impractical to do so, he was not relying upon specific performance as alleged in his second cause of action.

The sufficiency of the complaint is very doubtful, and had it been questioned by motion or by proper objection at the trial, it would have presented a serious question for our determination.

There are nine specifications of points, with subparagraphs therein presenting thirty-four instances in which defendant asserts that the trial court committed error. These specifications and subparagraphs thereof present but two questions: First, did plaintiff and defendant enter into a valid and enforceable lease agreement? and, if so, second, Were actual and special damages proven for which judgment was authorized?

1. We have heretofore expressed doubt as to the legal sufficiency of the complaint, the reasons for which, however, under the circumstances here presented, are wholly immaterial. We have said that, "Under the authorities, to create a valid contract of lease but few points of mutual agreement are necessary; First, there must be a definite agreement as to the extent and bounds of the property leased; second, a definite and agreed term; and third, a definite and agreed price of rental, and the time and manner of payment. These ap-

pear to be the only essentials; * * *" *Cochrane v. Justice Mining Co.*, 16 Colo. 415, 418, 26 Pac. 780. In the instant case, competent evidence was introduced showing: A definite agreement as to the property in question; a term fixed at one year; and an agreed rental of $1,800, one half of which was to be paid at the time possession was delivered, the other half to be due and payable six months thereafter, all of which evidence was received without objection.

██ ██ The sufficiency of the complaint was not attacked by motion or otherwise. Although the evidence was not in entire accord, there was sufficient which, if believed by the court, justified its finding that plaintiff and defendant had entered into a valid lease agreement and that defendant had breached the agreement. The evidence offered by plaintiff was such as would, under our supplanted Code of Civil Procedure, have required an amendment of the complaint if permission to amend was granted by the trial court. As above stated, there was no objection to this evidence by defendant, in view of which situation all possible defects in the allegations of the complaint were overcome. No amendment of the complaint to conform to the evidence was made, and under rule 15 (b) R.C.P. Colo., none was necessary. *Toy v. Rogers*, 114 Colo. 432, 165 P. (2d) 1017, and cases therein cited. This cause was presented to the trial court, and evidence in support thereof received, upon the theory that the complaint stated a cause of action and that actual and special damages were properly pleaded. There being competent evidence to support the findings and conclusion of the trial court that a valid lease agreement had been executed by the parties, they will not be disturbed.

██ 2. The trial court found that the valid and enforceable oral lease between plaintiff and defendant had been breached by defendant because of her refusal to deliver possession of the ranch or farm property, as a result of which breach plaintiff had suffered damages

in the sum of five hundred dollars actual, and thirty-eight hundred dollars special, damages. The evidence upon which the court based its findings as to damages was undisputed and, as hereinbefore stated, no objection thereto was made by defendant. Defendant takes the position here that no special damages could be awarded plaintiff by reason of a deficiency in the complaint, and because special damages were not pleaded as required by rule 9 (g) R.C.P. Colo.. Assuming the insufficiency of the complaint and considering the failure of plaintiff to specifically state the items of special damages as required by rule 9 (g), supra, nevertheless defendant was not prejudiced thereby. We call attention to rule 15 (b) R.C.P. Colo., which provides, "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at that time, even after judgment; but failure so to amend does not affect the result of a trial of these issues. * * *" The case was originally commenced in the Denver district court, and the only motion appearing in the record was one for change of venue filed by defendant and granted. As we construe rule 15 (b), supra, in the absence of motions or objections, any issue that the parties see fit to present may be considered and determined by the trial court, and, in the absence of motion or objection, when an issue not pleaded is thus presented, the pleadings become functus officio, and the parties are before the court to present such matter as they desire. This, it must be admitted, is a complete departure from our supplanted Code of Procedure and makes it unnecessary under such circumstances to properly plead an issue as was formerly required.

The record considered, the trial court was authorized

to consider actual and special damages and to enter its judgment for such amount as the evidence warranted.

■ Defendant strenuously contends that error was committed in considering and awarding damages based on anticipated net profits to be realized from crops which were to be planted, grown and harvested in the future, insisting that damages under such circumstances are too uncertain, speculative, contingent and prospective to be recoverable.

It is difficult to announce a proper rule to be used in instances such as here presented, where the landlord refuses to deliver possession of farm lands to his tenant under a valid oral lease agreement. If such leases were usually and customarily sold on the market as are stocks and bonds, the announcement of a rule for determining damages would be simple. In instances such as here under consideration, the tenant leases farm lands with the hope, and for the purpose, of making a profit on the transaction, and this hope and purpose is in contemplation of the parties at the time of entering into the lease agreement. If it was possible to do so, the damages would be fixed on the difference between the rent reserved and the value of the leasehold interests at the time of the breach; but in the leasing of farm lands where profits are to be expected from crops to be grown and harvested, there is presented a situation which does not lend itself to such a rule. The lease, because of its rental value, may, under certain circumstances, be a liability rather than an asset. The tenant may have agreed to pay too great a rental, in which case the breach by the landlord would afford the tenant no claim for damages while, under such circumstances, a breach by the tenant would afford the landlord such an actionable claim. Generally, and in Colorado, it is held that where land is leased on a "share crop" basis as its rental value and the agreement is breached by the landlord's refusal to deliver possession of the leased premises, in an action against the landlord for damages, evidence as to

the value of the crops to be planted, grown, harvested and marketed is not so remote, speculative and uncertain as to preclude its consideration in fixing and awarding damages. We approved the following instruction found in the record in *Colorado National Bank v. Ashcraft,* 83 Colo. 136, 263 Pac. 23: "You are instructed that if you find for the plaintiff in this action, you may assess his damages in any sum, not however, exceeding the sum of $2,170.00; and in arriving at the amount of damages you may consider the difference, if you find any, between the rent which plaintiff would have to have paid defendant, and the probable return or [on?] crops which plaintiff could have raised on said premises, deducting therefrom the necessary expense of producing such crops; also any special damages, if any you find, growing directly out of defendant's act of refusing to deliver possession of said premises, * * *"

The fact that in *Bank v. Ashcraft, supra,* the rental was based on a "share crop" basis does not, of itself, distinguish it from the instant case. The rule therein announced is applicable, we think, to leases where the lease agreement is for a cash rental. The true measure of damages in either case is what loss was occasioned by the breach. The evidence as to the net profits to be realized from a farming venture may not be as satisfactory and convincing as in some other transactions where it can be accurately estimated; nevertheless, if there is, as here, undisputed and positive, competent evidence as to the profits which plaintiff would have realized had the landlord delivered possession of the leased premises at the time stipulated in the lease agreement, it will support a judgment based thereon. The true rule for determining the special damages here is the difference between the rent reserved and the value of the crop and other probable income less the necessary expense in cultivating, planting, harvesting and marketing the crop, and less any expense incurred in producing other in-

come in any other activity in contemplation of the parties.

■ There are decisions in other jurisdictions which support defendant in her contention that special damages in connection with the farm leases, where possession has not been delivered by the landlord, are too uncertain, speculative, contingent and prospective to be recoverable, but, as appears from our decisions in this jurisdiction, such is not the law in Colorado, and it is not the law in many jurisdictions where this precise or any similar situation has arisen. *Shoemaker v. Crawford*, 82 Mo. App. 487; *Colorado Cons. Co. v. Hartman*, 5 Colo. App. 150, 38 Pac. 62; *Roberts v. Lehl*, 27 Colo. App. 351, 149 Pac. 351; *Rice v. Whitmore*, 74 Calif. 619, 16 Pac. 501; *Twyman v. Roell*, 123 Fla. 2, 166 So. 215; *Stewart v. Murphy*, 95 Kan. 421, 148 Pac. 609; *Fuqua v. Madewell*, 25 Tenn. App. 140, 153 S. W. (2d) 133; *Rogers v. McGuffey*, 96 Tex. 565, 74 S. W. 753; *Cross v. Ramdullah*, 274 Fed. 762; 104 A.L.R. 161; 32 Am. Jur. 185; 2 Underhill on Landlord and Tenant, p. 696; Jones on Landlord and Tenant, p. 175; 3 Sedgwick on Damages (9th ed.), p. 2055; 3 Sutherland, Damages (4th ed.), pp. 3193, et seq.

The following decisions, not, it is true, based upon farm leases, but in which prospective or anticipated profits were allowed as special damages for a breach of agreements respecting possession, are helpful and in logic and reason support our conclusion that in the instant case the profits here anticipated were not too uncertain, conjectural and speculative upon which to form a basis for a judgment where there was competent evidence to support it: *Goldhammer v. Dyer*, 7 Colo. App. 29, 42 Pac. 493; *Gray v. Linton*, 38 Colo. 175, 88 Pac. 749; *Boyle v. Bay*, 81 Colo. 125, 254 Pac. 156; *Rude v. MacCormac*, 72 Colo. 221, 210 Pac. 844; *Miller v. Townley*, 57 Ga. App. 645, 196 S. E. 80; *DeWiner v. Nelson*, 54 Idaho 560, 33 P. (2d) 356; *Anvil Mining Co. v. Humble*, 153 U. S. 540, 14 Sup. Ct. 876, 38 L. Ed. 814.

In the instant case the court found from the uncontradicted and undisputed evidence that the plaintiff was thoroughly familiar with the ranch property involved; had actual knowledge thereof as well as its productivity, its utility and adaptability for agricultural and stock raising purposes; and that he was a man of wide experience in farming and stock raising in Colorado. The court further found from uncontradicted and undisputed evidence that the ranch property here involved was specially adaptable to the needs of plaintiff in his ranching and stock-raising business and that other ranches adaptable for that purpose were not available or obtainable within a reasonable distance of the property which plaintiff had leased. The uncontradicted and undisputed evidence was that the hay land on the ranch in question produced from 700 to 800 tons of hay each year and that there was acreage readily adaptable for growing sugar beets, potatoes, corn and small grains. The expense in growing these crops was uncontradicted and undisputed. The court, after considering all expenses incurred in the operation of the ranch, as well as the uncertainties of weather, danger of grasshoppers and other similar casualties, found that in addition to the actual damages, amounting to $500, the evidence as to the profits which plaintiff would have realized had he been delivered posesssion of the ranch in accordance with the lease terms, amounted to $3,800. Adding the special damages and actual damages and subtracting therefrom the sum of $1,800 as the yearly rental, the court arrived at the sum of $2,500 for which its judgment was entered.

The record here discloses competent evidence to support the court's finding that a valid and enforcible lease was entered into between plaintiff and defendant; that defendant breached the lease by failing and refusing to deliver possession to the plaintiff; and that as a direct and proximate result of her failure and refusal plaintiff was damaged in the sum of $500 actual damages and $3,800 special damages. By reason of defendant's failure

and refusal to deliver possession, plaintiff was relieved of the necessity of paying $1,800 rental, and, consequently, judgment in his favor for $2,500 was the exact amount found by the court to be due the plaintiff as damages.

We need not concern ourselves as to the issues raised by the pleadings. There was competent evidence before the court, and no objection thereto, from which it might properly determine that a valid oral lease agreement was entered into as .alleged by the plaintiff; there was competent evidence before the court, to which no objection was made, from which it might determine both actual and special damages without reference to the legal sufficiency of the pleadings. This being our conclusion, the judgment will not be disturbed.

If it be said that other questions are presented by the specification of points, we have examined the record and find no merit in them.

The judgment, accordingly, is affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE HILLIARD concur.