## BURTON QUAM v. NELSON-RYAN FLIGHT SERVICE.

144 N. W. (2d) 551.

July 29, 1966—No. 39,856.

*Iverson, Coulter & Nelson,* for appellant.

*Farnes & Skaar* and *John L. Prueter,* for respondent.

PER CURIAM.

This is an appeal from a judgment entered in the municipal court of Minneapolis for damages caused to a light, 4-passenger plane while

it was parked on defendant's premises. It is contended that the verdict is not supported by the evidence.

It appears that plaintiff, an airplane pilot, is the owner of a small, single-engine airplane which he uses to teach instrument flying. At the time of the occurrences hereinafter related that activity was a hobby of the plaintiff which he intended to develop into a business on retirement. He maintained the plane on premises owned by defendant, Nelson-Ryan Flight Service, where there was assigned to him a space to keep the plane for which he paid $7.50 a month. It was recognized that the plane would be exposed to the elements and, in order to safely keep it in place, defendant had installed three stakes to which ropes were attached. When the plane was parked the ropes would be tied to rings located on each wing of the plane and at the tail spring. In the late afternoon of July 22, 1962, while the plane was parked on defendant's premises, one of the ropes broke during a severe storm, causing the plane to be thrown about and resulting in damage which is the subject of this lawsuit.

The trial court indicated to the jury:

"In order to recover on his claim, the plaintiff must prove by the preponderance of the evidence that the rope furnished by the defendant was defective or insufficient for its intended use; that the plaintiff's property was damaged and that defendant's failure to furnish a rope sufficient for its intended use was a direct cause of the damage to plaintiff's property.

"The defendant must prove by a preponderance of the evidence its affirmative defenses, the contributory negligence of the plaintiff and the assumption of risk by the plaintiff and the Act of God."

It is not contended by defendant that the jury was not correctly instructed as to the law. The principle of law to be applied in this case is that a person who furnishes equipment for compensation for a business use by another, under circumstances where such person retains the exclusive right to maintain the equipment and it is foreseeable that damage might result from defects in it, owes a duty to use reasonable care to provide equipment that is safe for its intended use and

free from defects of which such person has knowledge or which he could have discovered by the use of reasonable care.

On the basis of the record here there was a fact question as to whether or not the rope which broke in the storm was defective and unsafe for its intended use. The jury had an opportunity to examine the rope and from the evidence in the record could fairly find that there was in fact a breach of duty on the part of defendant in failing to provide equipment which was safe for its intended use. Campbell v. Siever, 253 Minn. 257, 91 N. W. (2d) 474.

Affirmed.