300

## No. C-500

## George A. Hoffman v. King Resources Company
## d/b/a Denver Airmotive Company
(530 P.2d 961)

Decided January 13, 1975.            Rehearing denied February 24, 1975.

L. B. Ullstrom, Thomas R. Moeller, for petitioner.

Blunk, Johnson and Allspach, Howard G. Allspach, for respondent.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

Petition for writ of certiorari was granted in this case to review the decision of the Colorado Court of Appeals reversing the trial court. *Hoffman v. King Resources Company,* 33 Colo. App. 310, 520 P.2d 1052 (1974).

The petitioner, the plaintiff at trial, originally instituted this suit when his airplane was damaged while parked on the premises of the respondent, the defendant at trial. In his complaint, the petitioner alleged that the respondent had been negligent in its construction of the system and the furnishing of equipment which the petitioner used to tie down and secure his airplane. The respondent answered, denying any negligence on its part and further asserting that the petitioner had been contributorily negligent and had assumed the particular risk involved. The trial court instructed the jury on the liability theory of negligence and the defenses of contributory negligence and assumption of the risk. The jury returned a verdict in favor of the petitioner and the court entered judgment thereon.

The respondent appealed this judgment and the Court of Appeals reversed. The appeals court found the relationship between the parties to be that of landlord-tenant. Being such, the standard of care normally imposed upon a landlord was considered more appropriate than the negligence standard of reasonable care which the trial court and the parties followed. On this basis, the Court of Appeals found that the petitioner had ''presented no evidence which would permit the inference that [the respondent] knew or should have known that the tie-down system was defective.'' In

our opinion, the Court of Appeals incorrectly substituted a standard of care for that on which liability was premised in the trial court. Hence, we reverse the Court of Appeals' decision.

The following facts are pertinent to our holding: On August 22, 1969, the parties entered into a written contract whereby the petitioner was allotted space at the Jefferson County Airport on the premises controlled by respondent for purposes of parking and securing his airplane. The agreement contemplated that the respondent supply tie-down cables, a space between the cables, and chains and links for purposes of securing the petitioner's plane to the cables. The tie-down cables installed by the respondent consisted of two steel cables running parallel and firmly secured at each end by an anchoring post fixed in cement.

By the terms of the agreement, the petitioner was responsible for tying down his own airplane with the chains furnished by respondent. This was accomplished by attaching a chain to the strut of each wing and to the forward cable. A third chain was used to fasten the rear wheel of the airplane to the second cable. In each instance an oblong link, also provided by the respondent, served to couple or attach the tie-down chain to the cable. The petitioner paid a monthly sum of $15 in consideration for the use of the respondent's facilities.

From the evidence introduced by the petitioner at trial, it appears that the type of links used to fasten the tie-down chains to the cables allowed the airplane to move laterally along the cables. On February 3, 1970, high winds, which frequently occur at Jefferson County Airport, lifted the plane and moved it along the tie-down cables. The stress created by this "walking" movement eventually caused an oblong link (used to attach one of the chains to the cable) to break, leaving the airplane secured at only two points. This allowed the petitioner's aircraft to turn onto its back thereby incurring the alleged damage.

Contrary to the Court of Appeals, we hold that the law governing landlord-tenant relationships does not apply to this situation. It is fundamental to the relationship of landlord and tenant that an estate pass to the tenant and that he achieve possession and control of such property. *Coggins v. Gregario,* 97 F.2d 948 (10th Cir. 1938); *Carlson v. Bain,* 116 Colo. 526, 182 P.2d

909 (1947); *Cochrane v. Justice Mining Co.,* 16 Colo. 415, 26 P. 780 (1891). Therefore, a contract, such as the one at hand, which fails to pass an estate, does not create a tenancy. From the terms and nature of the agreement, it appears that the parties entered into an arrangement for the storage of an airplane, coupled with the furnishing of tie-down equipment, and not a true landlord-tenant relationship.

It is significant that both parties considered this case to involve the standard of care imposed upon one who furnishes equipment. This is apparent from the respondent's opening statement at the trial:

"The point of all the testimony will be to show that *the system which [we] afforded the – the equipment which was afforded, the manner in which it was afforded, were all proper,* and that the accident which occurred and the damage to the airplane *which resulted from that* were not the responsibility or were not the result of the negligence on the part of this defendant." (Emphasis added.)

The respondent's presentation was completely devoid of any reference to the applicability of the standard of care incumbent upon landlords. Rather, the respondent's defense was based on its lack of negligence in furnishing the specific tie-down system in issue. The court instructed the jury on the issue of negligence and related affirmative defenses in all of which the respondent concurred.

It thus appears that the use of the space on the defendant's premises was secondary in importance and was incidental to the plaintiff's rental and use of the tie-down equipment. The role of the so-called "leased premises" is further minimized by the fact that the accident resulted solely from a defect in the leased equipment and did not result from a defect in the real property itself. Hence, the respondent's act in furnishing tie-down equipment for the petitioner's use is the point on which the inquiry of liability must focus.

In a majority of the cases which have applied the reasonable care standard to a person who furnishes tie-down equipment, the arrangement has been treated as a bailment or service contract. *E.g., City of Jackson v. Brummett,* 224 Miss. 501, 80 So.2d 827

(1955); *Shepard v. Graham Bell Aviation Service,* 56 N.M. 293, 243 P.2d 603 (1952); *Alamo Airways, Inc. v. Benum,* 78 Nev. 384, 374 P.2d 684 (1962). Since the petitioner here was responsible, in the first instance, for tying down his aircraft, a bailment did not exist. However, the relationship is kindred to a service contract. *See Central Aviation Co. v. Perkinson,* 269 Ala. 197, 112 So.2d 326 (1959). The standard of care which we adopt today is not premised on either of these theories, but rather, on the common theory of negligence as discussed in the factually similar case of *Quam v. Nelson-Ryan Flight Service,* 274 Minn. 475 N.W.2d 551 (1966).

In *Quam v. Nelson-Ryan Flight Service, supra,* the plaintiff had been assigned a space on the defendant's premises for purposes of securing his airplane. The defendant had installed stakes in the ground to which ropes, running from each wing, could be attached. During a severe storm one of these ropes broke and the plaintiff's plane was severely damaged. The trial court held for the plaintiff on the issue of negligence. The Minnesota Supreme Court affirmed, stating that:

"The principle of law to be applied in this case is that a person who furnishes equipment for compensation for a business use by another, under circumstances where such person retains the exclusive right to maintain the equipment and it is foreseeable that damage might result from defects in it, owes a duty to use reasonable care to provide equipment that is safe for its intended use and free from defects of which such person has knowledge or which he could have discovered by the use of reasonable care."

We find this case compelling and therefore hold that the standard of reasonable care should be applied to one who supplies another with equipment for the purpose of securing aircraft. When such a person acts to rent his equipment, he is under a duty to exercise reasonable care to ensure the safety of another's property against common and well known hazards. In this instance, the respondent had the duty to maintain facilities which could withstand anticipated wind velocities. The issue of whether the respondent's precautions measured up to this standard was argued by the parties and properly submitted to the jury without objection.

We therefore reverse and remand the cause to the Court of Appeals with instructions to affirm and reinstate the judgment of the trial court.

MR. JUSTICE GROVES and MR. JUSTICE ERICKSON do not participate.