NICHOLAS K. KING v. ELISABETH BOECK.

191 Sou. 15
Division A
Opinion Filed July 25, 1939
Rehearing Denied September 23, 1939

*J. Carl Lambdin* and *Thomas J. Collins,* for Plaintiff in Error;

*B. M. Skelton* and *Harris & Kennedy,* for Defendant in Error.

BUFORD, J.—The writ of error brings for review judgment in favor of the plaintiff in a suit instituted to recover an alleged balance due for rent which was alleged to have accrued under the terms of a written lease.

The suit was instituted by one Baynard as assignee but before trial he reassigned the cause of action to his assignor Elisabeth Boeck and she was substituted as plaintiff.

Trial was had on one count of the declaration as follows:

"Elisabeth Boeck let to the defendants certain real estate described as follows: One store room at 530 Central Avenue in the City of St. Petersburg, Pinellas County, Florida, for three years, to be held from the 1st day of October, 1930, to the 30th day of September, A. D. 1933, at the rental of $4,800.00, for the entire term, payable in the following sums: From the 1st day of October until the 1st day of March, 1931, $150.00 each month in advance: From the 1st day of April until the first day of September,

1931, $100.00 each month. For the second year the same terms. For the third year $150.00 in advance each month. The following sum of rent under said lease is due and unpaid: $712.50."

The lease was for three years from October 1, 1930, and lessee agreed therein to pay "therefor the rental of $4,800.00, Four Trousand Eight Hundred Dollars; and the said lessee covenant with said lessor to pay the said rent as follows: From the first day of October until the first day of March, 1931, $150.00 each month in advance. From the first day of April until the first day of September, $100 each month. For the second year the same terms. For the third year $150 in advance each month."

The defendant in two pleas pleaded, at most, accord and satisfaction. The pleas admitted "the existence of the lease as alleged by the plaintiff and that it contained among other things therein a reservation of rents in the amounts so charged."

Under the pleadings the burden was on the defendant to prove by a preponderance of the evidence the agreement of accord and the satisfaction of the agreement. Roux v. Indian Lbr. Co., 119 Fla. 280, 161 Sou. 270.

The jury and the trial court determined the issue adversely to the defendant and we cannot say that the defendant so clearly established the allegations of his pleas as to require a reversal of the judgment.

The charges given by the court to the jury were in accord with the law under the pleadings and proof.

The entire record has been inspected and no reversible error is made to appear. The judgment is affirmed.

So ordered.

TERRELL, C. J., and THOMAS, J., concur.

BROWN, J., concurs in opinion and judgment.

Justices WHITFIELD and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.