HIGGINS, INC., and Joseph J. Dugas, Jr.,
Plaintiffs,

v.

KIEKHAEFER CORPORATION,
Defendant.

No. 63-C-247.

United States District Court
E. D. Wisconsin.

Oct. 27, 1965.

John C. McBride, Milwaukee, Wis.,
W. Ford Reese and Sam A. Le Blanc, III,
Fritz H. Windhorst, New Orleans, La.,
for plaintiffs.

Elwin A. Andrus and Guenther W.
Holtz, Milwaukee, Wis., for defendant.

GRUBB, District Judge.

This is an action for infringement of letters patent. Defendant has moved to dismiss the claim as to Dugas Patent No. 2,206,771 as being barred under the statute of limitations and that relating to Dugas Patent No. 2,552,001 for lack of title and failure to join an indispensable party.

*Statute of Limitations*

Dugas Patent No. 2,206,771 issued on July 2, 1940 and expired on July 2, 1957, on which date the actionable period of infringement also terminated. The ap-

plicable statute of limitations, Section 286 of Title 35 U.S.C.A. provides that no recovery may be had for infringement committed more than six years prior to the filing of the complaint for infringement.

On April 25, 1963, plaintiffs Higgins, Inc. and Joseph J. Dugas, Jr., commenced an action against defendant Kiekhaefer Corporation in the United States District Court of Louisiana, claiming infringement of Patent No. 2,206,771. At this time plaintiffs were able to maintain the action for infringement as to the period from April 25, 1957, six years prior to the date of filing of the complaint, to July 2, 1957, the expiration date of the patent.

Defendant appeared specially in the Louisiana action and challenged personal jurisdiction and venue. Plaintiffs were granted two extensions of time to attempt to arrange for transfer of the suit before determination of the motion to dismiss. Transfer was not accomplished and the action was dismissed on August 28, 1963.

On October 7, 1963, Higgins, Inc., commenced the instant action for infringement of letters patent as sole plaintiff. No claim for infringement as to Patent No. 2,206,771 was asserted. On July 14, 1964, plaintiff requested leave to amend the complaint so as to make Joseph J. Dugas, Jr., an additional plaintiff and to include a claim for infringement as to Patent No. 2,206,771. Leave to amend was granted by the court on July 15, 1964, some seven years after the actionable period of infringement terminated with expiration of the patent on July 2, 1957.

Plaintiffs contend that they are entitled to the benefit of the date of the filing of the complaint in the Louisiana case for the purpose of tolling the statute of limitations on the authority of Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962). In Goldlawr it was held that the filing of a suit in a district where venue was not proper, nevertheless served to toll the

there applicable period of limitations for purposes of the suit in the proper district to which it had been transferred under Section 1406(a), Title 28 U.S.C.A. The purpose of the enactment of a limitations period, that is diligence in prosecution of the claim, was deemed to have been fulfilled by the initial commencement of the later transferred suit. The filing of the complaint was interpreted as indicating plaintiff's desire that the statute be tolled.

The course of events in the instant case differs in important respects from that involved in Goldlawr. There was no transfer of the Louisiana action. Rather, plaintiffs subjected themselves to dismissal of the cause at a time when reassertion was barred by limitations. The Wisconsin action was commenced some two months after dismissal of the Louisiana suit. But plaintiff Dugas, the owner of the patent in question, did not join as a party plaintiff and assert his claim for infringement until some nine months later by amendment of the complaint. Since the cause asserted by amendment did not arise out of the conduct alleged in the original pleading, there can be no relation back of the amendment to date of commencement of the action. Rule 15(c), Federal Rules of Civil Procedure. Green v. Walsh, 21 F.R.D. 15, 19 (E.D.Wis.1957).

Dismissal of the Louisiana action, standing alone, may not necessarily render the claim untimely. See, for example, Burnett v. New York Central Railroad Co., 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965) where it was held that commencement of a subsequently dismissed F.E.L.A. case in a state court having jurisdiction over the defendant, but where venue was not properly laid, served to toll the statute on the claim. However, plaintiff Dugas' delay in the prosecution of his cause after dismissal of the Louisiana case is not indicative of diligence or of a desire that filing of his earlier complaint should serve to toll the statute for later prosecution.

■ Under the circumstances of this case, the assertion of the claim for infringement of Patent No. 2,206,771 is barred by the statute of limitations. Defendant's motion to dismiss this claim is hereby granted.

■ There being no showing of bad faith, breach of trust or vexatiousness, defendant's request for award of attorney's fees under Section 285, Title 35 U.S.C.A. in respect to the motion to dismiss as to Patent No. 2,206,771 is not warranted, and it is hereby denied. Cf. Seismograph Service Corporation v. Offshore Raydist, 263 F.2d 5, 24 (5th Cir. 1958).

*Indispensable Party*

■ Defendant contends that Higgins Industries, Inc. in Liquidation is an indispensable party to this litigation by virtue of its interest in Patent No 2,552,001.

Application for this patent was filed by Joseph J. Dugas on August 17, 1948, who by duly recorded instrument assigned said application and any patent issuing thereon to Higgins Industries, Inc., in Liquidation. The patent issued on May 8, 1951.

Under an "Assignment and Release" executed on June 24, 1964, Higgins, Inc. assigned to plaintiff Dugas any rights it may have against defendant Kiekhaefer by reason of infringement of Dugas Patent No. 2,552,001 and authorizes Dugas to prosecute the action in its name.

By a document entitled "Assignment of Patent No. 2,552,001 and All Claims for Infringement Thereof," executed July 13, 1964, Higgins Industries, Inc., in Liquidation assigned to Higgins, Inc. as of date of issuance of the patent "any and all right, title and interest to manufacture, sell or use throughout the world." It further assigned any and all rights, title and interest to any claim for infringement from date of issuance of the patent, and authorized Joseph Dugas to prosecute any suits for any past infringement or for injunctive relief to prevent future infringement in the name of Higgins Industries, Inc. in Liquidation. This assignment was not recorded within three months of date of execution as required by Section 261, Title 35 U.S.C.A.

The assignment of July 13, 1964, does not clearly divest Higgins Industries, Inc., in Liquidation of legal title to the patent in issue by its grant of the right to manufacture, sell and use to plaintiff Higgins, Inc. and the grant to prosecute claims for infringement to plaintiff Dugas. As of June 24, 1964, when Higgins, Inc., assigned to Dugas any rights it may have had against defendant Kiekhaefer by reason of infringement of this patent, it had no assignable interest in said patent. Further, it did not receive grant of the interest to maintain suit by the assignment of July 13, 1964.

In view of the uncertainty as to where entire title and interest to Patent No. 2,552,001 is vested, Higgins Industries, Inc., in Liquidation, the legal holder of record is an indispensable party to this suit for infringement. While failure to record an assignment does not normally serve as a defense to a claim for infringement, see Jepco Corp. v. Greene, 171 F. Supp. 66, 68 (S.D.N.Y.1959), under the circumstances of this case, the legal title holder of record having been in liquidation from a date prior to issuance of the patent to the present time, the presence of this party to suit will also serve to protect defendant against potential intervening rights of innocent purchasers.

Because of the absence of an indispensable party to this action, the claim for infringement of Patent No. 2,552,001 is hereby dismissed without prejudice.

In accordance with the foregoing Opinion, the clerk is hereby directed to enter an order granting defendant's motion to dismiss the claim as to Patent No. 2,206,-771 with prejudice, and further granting defendant's motion to dismiss the claim as to Patent No. 2,552,001 without prejudice.