Mr. Justice Lee
delivered the opinion of the Court.
The parties here appear in the same order as in the trial court. By this writ of error plaintiffs seek to reverse a judgment of the District Court of Arapahoe County, dismissing their claim for a deficiency judgment on a promissory note. The action was tried to a jury which returned a verdict in favor of defendants, upon which judgment of dismissal was thereupon entered.
The basic facts surrounding the controversy are undisputed. The record shows that plaintiffs sold a rental property to defendants White for $42,500. The purchase price was paid by a down payment of $6,000 and the execution and delivery of a promissory note for $36,500 secured by a deed of trust upon the subject property. The Whites thereafter sold the property, subject to the deed of trust, to one Leon O. Hill who assumed the indebtedness. Hill, who is not a party to this action, thereafter conveyed the property to defendants Angevine who also assumed the unpaid indebtedness of the note and deed of trust. As it developed, the rental income was far from sufficient to maintain the premises, pay the taxes and assessments, and service the mortgage debt. Taxes *53 in the amount of $3,137 had become delinquent and sewer assessments of $744 were unpaid. Payments on a second deed of trust were likewise delinquent.
In view of this situation plaintiffs, by letter dated January 17, 1966, advised defendants that unless the delinquent taxes were paid by February 1, 1966, foreclosure proceedings would be commenced. As of the date of plaintiffs’ demand, payments on the note were current and the principal indebtedness had been reduced to $28,600.
Defendants Angevine attempted to raise money with which to cure the tax default but were unsuccessful. As a result, on January 28, 1966, they delivered a quitclaim deed to the premises to plaintiffs, advising that they were not able to pay the taxes and that they were abandoning the premises. It is in connection with the delivery of the quitclaim deed and the conversation between the parties at that time that the evidence becomes disputed and the intention of the parties unclear.
Plaintiffs thereupon assumed control of the property and the rental operation, collecting rents, making repairs, paying expenses, utilities, and taking care of other incidentals. After consulting with their attorney, they caused foreclosure proceedings to be commenced on April 7, 1966, through the public trustee. On June 9, 1966, a public trustee’s certificate of purchase was issued to plaintiffs who bid in the property for $16,000, leaving a deficiency balance including foreclosure costs and attorney’s fees of $13,731.44.
On the same day, June 9, 1966, plaintiffs caused the quitclaim deed which they had received from defendants on January 28, 1966 to be returned to the defendants with the endorsement: “This deed is not accepted.”
The foregoing facts were incorporated in a pretrial order which then recited:
“(10) The sole remaining question of fact to be litigated between the parties is:
“Did the Plaintiffs accept the Quit Claim Deed from *54 ANGEVINES in full satisfaction of any balance due on the Promissory Note sued on hereunder?
“(11) It is stipulated between the parties that if the trier of facts should determine that the Plaintiffs did not accept said Deed in full satisfaction of the balance remaining under said Note then the Defendants, TONY L. WHITE and MARTHA L. WHITE, BYRON C. ANGEVINE and RUTH M. ANGEVINE, are jointly and severally liable to the Plaintiffs in the amount of $13,731.44 plus interest and costs but if on the other hand the trier of facts should determine that the Plaintiffs herein accepted said Quit Claim Deed in full satisfaction of all claims against the Defendants then the Defendants are not liable to the Plaintiffs.”
There was no objection to the foregoing statement of'the issue to be tried and defendants’ affirmative defense to plaintiffs’ claim was treated throughout the entire trial by the parties and the court as that of accord and satisfaction.
At the conclusion of all the evidence, plaintiffs moved for a directed verdict and- also moved to strike defendants’ evidence concerning the affirmative defensé'ón the ground that such was in fact a renunciation p and furthermore, they maintained that under C.R.S. 1963, 95-1-122 (in effect at the time of the trial), a renunciation must be in writing or the note must have been delivered to the persons primarily liable, neither of which occurred here. Both motions were denied. The jury returned its verdict in favor of defendants and judgment of dismissal was entered.
Plaintiffs contend that the court erred in-not applying the provision of the negotiable instruments statute relating to renunciation to the facts of'this cáse. C.R.S. 1963, 95-1-122. It is true that had the affirmative defense of renunciation been asserted by defendants, -the burden would have been upon them to produce a written renunciation or to prove that the note had been delivered up to the defendants, neither of which was established *55 by the evidence. However, defendants’ affirmative defense was not renunciation (as plaintiffs after the fact wished it had been) but rather it was accord and satisfaction as delineated in the pretrial order in which plaintiffs acquiesced. The following statement from Ferguson v. Hurford, 132 Colo. 507, 290 P.2d 229, is particularly applicable to the present situation:
“* * * We must assume, in the absence of an objection, that the order on pretrial conference was made in cooperation with and by assent of the parties. In the absence of an objection, all matters determined at the pre-trial conference have the force and effect of a stipulation of the parties as to the correctness thereof. The pre-trial order controls the subsequent course in the action unless the court, at the trial, modifies the same to prevent manifest injustice.” (Citing cases.)
That accord and satisfaction was a proper defense that could be asserted under the facts of this case is borne out by C.R.S. 1963, 95-1-119(1) (e), which provides that a negotiable instrument may be discharged by any act which will discharge a simple contract for the payment of money. See also 65 A.L.R.2d 622 and cases cited therein. The issue of accord and satisfaction was clearly set out in appropriate instructions to the jury which found in favor of the defendants. The record discloses ample competent evidence upon which the jury could conclude that plaintiffs did accept the quitclaim deed to the subject property in full satisfaction of the balance due under the promissory note.
Plaintiffs further contend that error was committed by the trial court in instructing the jury that the burden of proof was upon the defendants to establish their affirmative defense by a “preponderance of the evidence.” Plaintiffs contend that a higher degree of proof is required, such as, the “clear and convincing” evidence test. We do not agree. Plaintiffs cite Wilson v. Morris, 4 Colo. App. 242, 36 P. 248, and Olinger v. Christy, 139 Colo. 425, 342 P.2d 1000, in support of their position. *56 The rule enunciated in Wilson and further expounded by Mr. Justice Frantz in Olinger properly relates to the quantum of proof required in suits or actions to compel, reform or avoid the effect of contracts or other instruments procured by fraud, misrepresentation, concealment or mistake. Here, defendants’ affirmative defense was not predicated upon any of such elements. We hold that the degree of proof necessary to establish an accord and satisfaction, which is contractual by nature, is that which requires evidence sufficient to establish the same by a preponderance of the evidence. King v. Boeck, 139 Fla. 836, 191 So. 15; Fuqua v. Madewell, 25 Tenn. App. 140, 153 S.W.2d 133.
We have considered other alleged errors and find them to be without merit.
The judgment is affirmed.
Mr. Justice Hodges not participating.