Farhad F. EBRAHIMI and Mary Patricia Ebrahimi, individually, Plaintiffs–Appellants and Cross–Appellees,

and Farhad F. Ebrahimi, as assignee of Farroch and Hannelore Ebrahimi; Rokhsareh Zia Ebrahimi; and Reza G. Tourzani, Plaintiffs–Appellants,

v.

E.F. HUTTON & COMPANY, INC., Defendant–Appellee and Cross–Appellant.

No. 87CA0152.

Colorado Court of Appeals,
Div. V.

Oct. 19, 1989.

Rehearing Denied Nov. 13, 1989.

Certiorari Denied July 16, 1990.

Sterling & Miller, P.C., Merrie Margolin Kippur, James C. Underhill, Jr., Denver, for plaintiffs-appellants and cross-appellees.

Robinson, Waters, O'Dorisio & Rapson, P.C., Stephen L. Waters, Amy J. Clark, Chevis F. Horne, Jr., Denver, for defendant-appellee and cross-appellant.

Opinion by Judge CRISWELL.

Plaintiffs, Farhad F. Ebrahimi (Farhad), for himself and as assignee of his brother and sister-in-law, Farroch and Hannelore Ebrahimi, together with his wife, Mary Patricia, his mother, Rokhsareh Zia, and his friend, Reza G. Tourzani, sued the defendant, E.F. Hutton & Co., Inc., for the losses sustained by them in their trading accounts with Hutton. Hutton counterclaimed, seeking a judgment against Farhad and his wife upon a promissory note signed by them.

The trial court dismissed plaintiffs' negligent misrepresentation claims because of the running of the statute of limitations, and a jury returned verdicts in favor of Hutton on plaintiffs' claims alleging a violation of Hutton's fiduciary duties. The jury also awarded Hutton damages for Farhad's and his wife's failure to pay all of the sums called for by the promissory note, but the trial court refused to award Hutton any prejudgment interest on the amount due.

Plaintiffs appeal from the judgments dismissing their claims, and Hutton cross-appeals from the judgment in its favor which did not include prejudgment interest. We affirm in part and reverse in part.

Farhad and his wife, his mother, and his brother opened three accounts with Hutton in September 1978. His mother and his brother executed powers of attorney giving Farhad trading authority over their accounts. Farhad and his wife guaranteed the mother's account, and the brother guaranteed their account. Later, Farhad's friend also opened an account with Hutton and granted Farhad full power of attorney over that account. Most of the trading engaged in by means of these four accounts was in commodity futures.

By mid-summer 1979, large losses had been sustained in the accounts of Farhad and his wife, his mother, and his friend, and Hutton made a margin call on Farhad which he did not meet. These three accounts were liquidated in July 1979, and the brother's account was liquidated in September 1979. All of the accounts, except the brother's, had large deficiency balances. Hutton demanded payment, and Farhad and his wife executed a promissory note, secured by a deed of trust on their home, in payment of the deficiencies in the three accounts.

## I.

 Plaintiffs first contend that the trial court erred in dismissing their negligent misrepresentation claims on the ground that they were barred by the statute of limitations. We agree.

These claims were governed by the limitation statutes in effect prior to the 1986 repeal and reenactment of Colorado's various statutes of limitation. *See* Colo.Sess. Laws 1986, ch. 114 at 695. The question thus presented is whether a negligent misrepresentation claim was controlled by the then three-year statute of limitations generally applicable to claims for fraud, § 13–80–109, C.R.S., or by the six-year statute of limitations pertinent to "actions on the case," § 13–80–110, C.R.S. We conclude that § 13–80–110, governing negligence actions, was the applicable statute of

limitations for a negligent misrepresentation claim. *See Persichini v. Brad Ragan, Inc.,* 735 P.2d 168 (Colo.1987) (an action on the case includes an action for negligence). Thus, since plaintiffs filed their action more than three years, but less than six years, after all of the Hutton accounts had been closed, the assertion of these claims was timely.

This court first recognized the tort of negligent misrepresentation in *First National Bank v. Collins,* 44 Colo. App. 228, 616 P.2d 154 (1980), and adopted the description of that tort set forth in Restatement (Second) of Torts § 552. That Restatement provision states:

"One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies *false information* for the guidance of others in their business transactions, is subject to liability for loss caused to them by their justifiable reliance upon the information, *if he fails to exercise reasonable care* or competence in obtaining or communicating the information." (emphasis supplied)

In contrast, the elements of a claim for deceit are:

"(1) A *false representation* of a material existing fact, or a representation as to a material existing fact made with a *reckless disregard* of its truth or falsity.... (2) *Knowledge* on the part of the one making the representation that it is false; or *utter indifference* to its truth or falsity.... (3) Ignorance on the part of the one to whom representations are made ... [of] the falsity of the representation.... (4) The representation ... [is] made ... with the intention that it shall be acted upon. (5) Action on the representation ... resulting in damage."

*Bemel Associates, Inc. v. Brown,* 164 Colo. 414, 435 P.2d 407 (1967), *quoting Morrison v. Goodspeed,* 100 Colo. 470, 68 P.2d 458 (1937) (emphasis supplied).

█ The defendant's state of mind is irrelevant to a claim for negligent misrepresentation, except to the extent that it must be shown that the defendant failed to act reasonably in ascertaining the accuracy of the information supplied or in communicating that information. Thus, in such a case, the defendant may have had an honest intention, but simply failed to exercise reasonable care.

█ In a fraud case, on the other hand, the gravamen of the tort is the defendant's conscious knowledge of the falsity of the representation or such recklessness as amounts to a conscious indifference to the truth. Thus, the scienter element required for deceit significantly distinguishes that tort from any tort based upon simple negligence.

Because of this significant difference, most courts that have passed upon the issue have held that it is the negligence statute of limitations, and not the statute applicable to fraud claims, that establishes the time limits for the assertion of a negligent misrepresentation claim. *See Duyck v. Tualatin Valley Irrigation District,* 304 Or. 151, 742 P.2d 1176 (1987); *Hall v. Romero,* 141 Ariz. 120, 685 P.2d 757 (Ariz. App.1984). *See also Zurick v. First American Title Insurance Co.,* 833 F.2d 233 (10th Cir.1987) (court applied, without discussion, Colorado statute of limitations for negligence to a claim for negligent misrepresentation).

While some courts have applied the fraud statute of limitations to such claims, *see Luksch v. Latham,* 675 F.Supp. 1198 (N.D. Cal.1987) and *Bushnell v. Cook,* 221 Mont. 296, 718 P.2d 665 (1986), we are convinced that a negligent misrepresentation claim is one based upon simple negligence, and hence, at the times pertinent here, it was governed by the six-year limitation period. It is not a fraud claim to which the three-year limitation period applied. *Cf.* § 13–80–101 and § 13–80–102, C.R.S. (1987 Repl.Vol.6A) (limitation periods now three years for fraud and two years for negligence). Thus, the trial court erred in applying the three-year statute and dismissing plaintiffs' negligent misrepresentation claims.

## II.

### A.

Plaintiffs next contend that the jury instructions with respect to Hutton's fiduci-

ary duty unduly emphasized Hutton's theory of the case and failed adequately to present their legal theories. We disagree.

We have examined the instructions and find no error. The test of practical control over a customer's account, described in *Paine, Webber, Jackson & Curtis, Inc. v. Adams*, 718 P.2d 508 (Colo.1986), was properly addressed by the court's instructions relating to the issue of breach of fiduciary duty. Plaintiffs' tendered instruction, on the other hand, did not properly set forth the test enunciated in that case.

We also disagree that the instructions showed partiality to Hutton. Its affirmative defenses were properly described, while the alleged omissions described by plaintiffs consisted of factual matters not required to be dealt with by the court's instructions, although proper subjects for argument.

### B.

■ We likewise find no merit in plaintiffs' assertion that the trial court erred in instructing that the statute of limitations barred the friend's claim for breach of fiduciary duty unless the jury found that the statute had been tolled by fraudulent concealment on the part of Hutton. They argue that, because Farhad was the assignee of the friend's claim, the amendment to the original complaint, which was made to add this claim, related back to the date that that original complaint was filed. They maintain further that, since this amendment did not have the effect of adding a party (as would have been the case had the friend asserted the claim in his own behalf), it was not necessary to meet those requirements for relation back that C.R.C.P. 15(c) imposes when a new party is joined in the litigation. We disagree.

C.R.C.P. 15(c) provides, generally, that a pleading amendment, if it arises out of the conduct, transaction, or occurrence that was the subject of the original pleading, shall relate back to the date of that original pleading. However, if such an amendment adds a party against whom a claim is asserted, the claim against that new party relates back only if that party was previ-

ously aware of the assertion of the claim, and the original failure to join that party was caused by a mistake as to the identity of the proper party to be joined. *See May Department Stores Co. v. University Hills, Inc.*, 789 P.2d 434 (Colo.App.1989); *Shepherd v. Wilhelm*, 41 Colo.App. 403, 591 P.2d 1039 (1978).

■ While C.R.C.P. 15(c) does not expressly refer to an amendment that adds a party plaintiff, it has been said that such an amendment must also meet this rule's criteria in order for it to relate back to an earlier pleading. *See generally* 3 *Moore's Federal Practice* § 15:15 [4.–2] at 15–169, et seq. (1989). *See also Higgins, Inc. v. Kiekhaefer Corp.*, 246 F.Supp. 610 (E.D. Wis.1965) (holders of patents similar to plaintiff's not permitted to be joined as additional plaintiffs after statute of limitations had run). It is only if the addition or change in the identity of the plaintiff constitutes a mere change in the plaintiff's capacity or status, or if it consists of the substitution of a real party in interest to a previously asserted claim, that such an amendment may be deemed to relate back for limitation purposes. *See Allied International, Inc. v. International Longshoremen's Ass'n*, 814 F.2d 32 (1st Cir. 1987).

Here, the claim asserted in the amendment was a wholly separate claim in which Farhad had no beneficial interest, except as a later assignee. In our view, the effectiveness of a statute of limitations cannot be destroyed merely by assigning a claim to a present litigant, rather than adding the beneficial claimant as a new party. Thus, the pleading amendment that added this claim did not relate back to the time of the initial complaint, and the court committed no error in its instructions upon the effect of the statute of limitations.

### III.

■ We also disagree with plaintiffs that the jurors disregarded the evidence and that their verdict is not supported by the record.

The written document Farhad's brother executed authorized Hutton to follow Farhad's instructions, except that he was not authorized to withdraw any money from the brother's account, either in the brother's name or otherwise. Nevertheless, it is undisputed that, from time to time, checks were issued in the brother's name and delivered to Farhad.

At the same time, other evidence was presented that such withdrawals were authorized because the brother had guaranteed Farhad's and the mother's accounts, and these withdrawals were made to satisfy this obligation. Further, the brother's sole assertion upon this issue was that these withdrawals constituted a violation of Hutton's fiduciary obligations; he specifically waived any claim of contract violation based upon Hutton's failure to follow the limitations set forth in the written authorization signed by the brother.

Under this record, therefore, we cannot conclude that the evidence of these withdrawals constituted proof of Hutton's violation of its fiduciary duties, as a matter of law. Consequently, in light of the foregoing facts, we are precluded from holding that the jury's verdict is without sufficient support, and we are, thus, bound by it on review. *See City of Aurora v. Loveless*, 639 P.2d 1061 (Colo.1981).

## IV.

Hutton contends on cross-appeal that the trial court improperly refused to award prejudgment interest on the amount due under the promissory note. We disagree.

■ Waiver of a contract term occurs when a party to the contract is entitled to assert a particular right, knows the right exists, but intentionally abandons that right. *See People ex rel. Metzger v. Watrous*, 121 Colo. 282, 215 P.2d 344 (1950).

■ Here, although the promissory note called for interest at the rate of ten percent per annum, Hutton's internal records showed that all of the Ebrahimis' payments were credited to principal. And, all of the statements it sent indicated that only a principal balance was due. Moreover, when the deed of trust was executed, the amount due reflected that all credits for payments made had been applied to principal, and no claim for interest was then made. In our view, evidence of these actions supports the trial court's finding that Hutton waived its right to collect the prejudgment interest to which it otherwise would have been entitled.

■ Further, § 4–3–605(1), C.R.S., which requires that a renunciation of rights arising out of a negotiable instrument must be in writing, if the instrument itself is not surrendered, is not applicable here. That statute applies only if the defense of renunciation is asserted. *Adams v. White*, 173 Colo. 51, 476 P.2d 36 (1970). Here, there was no assertion that Hutton had renounced the note, only that it had waived its right to interest under its terms.

■ Likewise, we reject Hutton's contention that it is entitled to moratory interest pursuant to § 5–12–102, C.R.S. (1988 Cum.Supp.). That statute is applicable only "when there is no agreement as to the rate [of interest]." Thus, if, as here, there is a specific agreement for interest, but the right to interest has been waived, § 5–12–102 is not applicable.

## V.

We have considered the other contentions asserted by the parties and have concluded that they lack merit.

The judgment in favor of Hutton dismissing all of plaintiffs' claims, except their claims for negligent misrepresentation, and the judgment in favor of Hutton on the promissory note are affirmed. The judgment dismissing plaintiffs' claims for negligent misrepresentation is reversed, and that matter is remanded to the trial court for a new trial consistent with the views contained in this opinion.

METZGER and HUME, JJ., concur.