**The PEOPLE of the State of Colorado, Complainant,**

v.

**Glen B. CLARK, Jr., Attorney–Respondent.**

No. 96SA386.

Supreme Court of Colorado, En Banc.

Dec. 3, 1996.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Deputy Disciplinary Counsel, Denver, for Complainant.

Jay S. Horowitz, Denver, for Attorney–Respondent.

PER CURIAM.

In this lawyer discipline case the respondent, Glen B. Clark, Jr., and the deputy disciplinary counsel have entered into a stipulation, agreement, and conditional admission of misconduct. C.R.C.P. 241.18. The conditional admission recommends that discipline be imposed in the range of a public censure to a ninety-day suspension from the practice of law. In approving the stipulation and recommendation, an inquiry panel of the supreme court grievance committee recommended a ninety-day suspension. We accept the conditional admission and the panel's recommendation.

## I

The respondent was admitted to practice law in Colorado in 1966. The conditional admission contains the following factual stipulations.

On September 9, 1992, Steve Sumler filed a wrongful discharge action against Camp Coast to Coast ("CCTC"). Sumler was represented by counsel, and CCTC hired the respondent to defend the action. On September 24, 1992, the respondent filed an answer and counterclaim on CCTC's behalf. Trial was set for June 1993.

One of Sumler's lawyers served a set of interrogatories and requests for production on CCTC, through the respondent. In late

1992 and early 1993, the respondent spoke with the plaintiff's lawyer several times and asked for additional time within which to respond to the discovery requests. The plaintiff's lawyer agreed that the respondent could have more time, but the respondent failed to reply to this first set of discovery requests within the agreed time period. The plaintiff's lawyer then filed a motion to compel and a motion for sanctions.

The respondent did not respond to the motions. On May 11, 1993, the district court entered an order sanctioning CCTC because of the respondent's failure to make timely discovery and failure to file a timely disclosure certificate. The court also dismissed CCTC's counterclaim against Sumler, entered a default against CCTC in Sumler's favor with respect to liability, directed that the case would proceed to a hearing on Sumler's damages claims, and awarded Sumler the attorney fees he incurred in obtaining the court's order. The respondent did not at that time inform CCTC of the district court's order.

Within eight days of the district court's May 11, 1993, order, the respondent had complied with the discovery requests, filed a disclosure certificate, and asked the court to reconsider the entry of sanctions against CCTC. The respondent also promptly paid the attorney fees. The district court denied the motion for reconsideration on June 16, 1993, however, and scheduled a hearing on damages for September 1993. The respondent again did not promptly inform CCTC about the adverse developments in the case.

At the damages hearing, the respondent cross-examined Sumler and his expert witnesses and introduced testimony by a psychologist to counter testimony on mental distress damages given by an expert witness for Sumler. The respondent did not ask any representative of his client to attend the hearing. The district court entered judgment against CCTC in the amount of $816,613 on October 21, 1993.

Within a week after this judgment was entered, the respondent prepared a letter to his client explaining for the first time what had happened in the Sumler case during the prior six months and analyzing CCTC's prospects of having the judgment reversed on appeal. The respondent gave the letter to a lawyer for CCTC's general counsel on November 5, 1993. The respondent expressed regrets, stated that he was confident the result was an aberration and would be set aside on appeal, and offered to continue to work on the case.

Several weeks later, CCTC retained another law firm to represent it. In early 1994, that law firm filed post-judgment motions to set aside the October 21, 1993, judgment. The respondent provided assistance to the law firm in the preparation of those motions. The motions emphasized that the respondent himself, not CCTC, was responsible for the discovery violations and other matters that resulted in the entry of the judgment.

The district court ultimately entered an order setting aside the October 21, 1993, judgment, and that order was affirmed on appeal. The law firm then negotiated a settlement of Sumler's claims for approximately $100,000. CCTC was reimbursed for the costs it incurred in setting aside the default and entry of judgment.

The respondent has admitted that the above conduct violated R.P.C. 1.3 (neglect of legal matter); R.P.C. 1.4(a) (failure to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information); R.P.C. 1.4(b) (failure to explain a matter to the extent reasonably necessary to permit the client to make informed decisions); R.P.C. 3.4(c) (knowingly disobeying an obligation under the rules of a tribunal); R.P.C. 3.4(d) (failure to make a reasonably diligent effort to comply with a proper discovery request); and R.P.C. 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).[1]

## II

In approving the conditional admission, the inquiry panel recommended that the respon-

---

1. As part of the conditional admission, the deputy disciplinary counsel represents that allegations in the complaint that the respondent also made misleading statements to the court could not be proven by clear and convincing evidence.

dent be suspended from the practice of law for a period of ninety days. Although he has consented to public discipline up to and including a ninety-day suspension, the respondent asserts that a public censure is sufficient. We disagree.

While the deputy disciplinary counsel characterizes the respondent's conduct as "negligent," our review of the stipulated facts and the respondent's sworn admissions leads us to the conclusion that the respondent's conduct was "knowing" conduct as that term is defined under the rules. This determination does not contradict the conditional admission itself since, as the respondent notes, the conditional admission "is not crystal clear on the subject...."

First, according to the "terminology" section of our Rules of Professional Conduct: " 'Knowingly,' 'known,' or 'knows' denotes actual knowledge of the fact in question. A person's knowledge may be inferred from circumstances." The record compels the conclusion that in May of 1993 the respondent made a conscious decision not to notify CCTC of the default entered against it. The fact that he may have believed, albeit correctly, that the order ultimately would be overturned does not render his decision not to notify CCTC "negligent."

This conclusion is supported by consideration of certain disciplinary rules the respondent has by his own admission violated. R.P.C. 3.4(c) provides that "[a] lawyer shall not ... (c) *knowingly* disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists...." (Emphasis added.) R.P.C. 8.4(c) provides that "[i]t is professional misconduct for a lawyer to: ... (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation...." In *People v. Rader,* 822 P.2d 950, 953 (Colo. 1992), we held that a violation of DR 1–102(A)(4), the predecessor to R.P.C. 8.4(c), requires a showing that the lawyer possessed a culpable mental state greater than simple negligence and that the element of scienter must be shown. In so doing, we made the following observations:

We disagree, however, with the respondent's contention that actual knowledge or intent to deceive must be shown. Under certain circumstances, an attorney's conduct can be so careless or reckless that it must be deemed to be knowing and will constitute a violation of a specific disciplinary rule.

*Rader,* 822 P.2d at 953 (citations omitted). By stipulating to a violation of R.P.C. 8.4(c), therefore, the respondent has in effect acknowledged that his conduct was undertaken knowingly rather than negligently.

In addition, we have recognized that when a lawyer's inaction and neglect of a case extends over a considerable period of time, such conduct may be deemed to be "willful" for disciplinary purposes. *E.g., People v. Williams,* 915 P.2d 669, 670 (Colo.1996). The entry of default occurred in May 1993; the respondent did not notify CCTC of the unfortunate developments in the case until late October 1993, and then only after the judgment in the amount of $816,613 had been entered against his client.

The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards* ) provides that in the absence of aggravating or mitigating circumstances, suspension is generally appropriate when "(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." *Id.* at 4.42. The potential injury to the respondent's client in this case was substantial.

The deputy disciplinary counsel agrees with the respondent that the following mitigating factors are present: the absence of a prior disciplinary record in thirty years of practice, *id.* at 9.32(a); the absence of a dishonest or selfish motive, *id.* at 9.32(b); timely good faith effort to make restitution or rectify consequences of misconduct, *id.* at 9.32(d); full and free disclosure to the disciplinary authorities, *id.* at 9.32(e); good character and reputation, *id.* at 9.32(g); the imposition of other penalties or sanctions, *id.* at 9.32(k); and the presence of remorse, *id.* at 9.32(*l* ). The only aggravating factor is the respondent's substantial experience in the practice of law. *Id.* at 9.22(i). We have

considered the presence of these mitigating factors in concluding that the conditional admission should be accepted. In view of all the circumstances, we also agree with the inquiry panel's conclusion that suspension for a period of ninety days constitutes an appropriate sanction.

## III

It is hereby ordered that Glen B. Clark, Jr., be suspended from the practice of law for ninety days, effective thirty days after the issuance of this opinion. *See* C.R.C.P. 241.21(a). It is also ordered that the respondent pay the costs of this proceeding in the amount of $437.78 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600—17th Street, Suite 920–S, Denver, Colorado 80202–5135.