714 A.2d 402

**OFFICE OF DISCIPLINARY COUNSEL, Petitioner,**

v.

**ANONYMOUS ATTORNEY A, Respondent.**

Supreme Court of Pennsylvania.

Submitted Sept. 24, 1997.

Decided July 8, 1998.

---

224

Albert G. Blakey, for respondent.

Joseph J. Huss, Lemoyne, for Disciplinary Counsel.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

*OPINION OF THE COURT*

CAPPY, Justice:

In this appeal from a decision of the Disciplinary Board (Board), we address the element of scienter necessary to establish a *prima facie* violation of Rule of Professional Conduct (Rule) 8.4(c) where the allegation of professional misconduct is misrepresentation.[1] We now hold that a *prima facie* violation of Rule 8.4(c) is shown where the record establishes that the misrepresentation was knowingly made, or made with reckless ignorance of the truth or falsity of the representation. Accordingly, for the reasons that follow, the decision of the Board is reversed and the matter is remanded for further proceedings.

The disciplinary charges in this case arose from alleged misrepresentations on the part of Respondent during his prosecution of a criminal matter.[2] Respondent was the District Attorney of Anonymous County at that time. Upon our consideration of the appeal in the criminal matter, we held, *inter alia*, that the prosecution's failure to give the defense a document[3] during discovery violated Pennsylvania Rule of

1. Rule 8.4(c) provides that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

2. Rule 402 of the Pennsylvania Rules of Disciplinary enforcement requires that the identity of an attorney undergoing disciplinary investigation remain confidential. To maintain that confidentiality, this opinion will not reveal any information that would lead to a breach of confidentiality. Normally, this Court would not publish an opinion on a disciplinary matter that is still pending. However, the nature of the legal resolution of this opinion requires publication for the benefit of the bar.

3. The document was a confession by the defendant made to his fellow inmate.

Criminal Procedure (Pa.R.Crim.P.) 305(B).[4]   Further, we held that the prosecution's failure to disclose the prosecution's "understanding"[5] with the witness until after the witness testified at the trial as a rebuttal witness on behalf of the prosecution, violated the holding in *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).   We then referred the matter of Respondent's conduct to the Board for consideration of whether disciplinary charges should be brought against him.

Subsequently, the Board formally charged Respondent with violating Rule 8.4(c) during the criminal prosecution between 1988 and 1992.   A Hearing Committee found that Petitioner had not established a *prima facie* violation of Rule 8.4(c) and recommended that the Petition for Discipline be dismissed. One Hearing Committee Member dissented.   Petitioner filed a Brief on Exceptions, and oral argument was heard by a panel of the Board.

The Board, in its Opinion and Order, reasoned that, to make a *prima facie* showing of a violation of Rule 8.4(c), Petitioner must show that Respondent's misrepresentation was made with knowledge of its falsity.   The majority concluded that Respondent's untrue statements were made as a result of his

**4.**   Pa.R.Crim.P. 305(B) provides in pertinent part:

(1) *Mandatory.* In all court cases, on request by the defendant, and subject to any protective order which the Commonwealth might obtain under this rule, the Commonwealth shall disclose to the defendant's attorney all of the following requested items or information, provided they are material to the instant case.   The Commonwealth shall, when applicable, permit the defendant's attorney to inspect and copy or photograph such items.

. . .

(b) any written confession or inculpatory statement, or the substance of any oral confession or inculpatory statement, and the identity of the person to whom the confession or inculpatory statement was made, which is in the possession or control of the attorney for the Commonwealth[.]

Pa.R.Crim.P. 305(B).

**5.**   The "Understanding" was an understanding between the witness and the Commonwealth that the witness's sentencing was to be held in abeyance while the witness was housed at the Anonymous County Prison, where he was gathering information for the Commonwealth on fellow inmates.

negligence. The majority ruled that Petitioner had failed to show a violation of Rule 8.4(c) by this conduct; thus, the Board directed that the charges filed against Respondent be dismissed. One Board Member concurred with the majority opinion and four Board Members dissented. The concurring Board Member agreed with the majority that Petitioner failed to meet its burden of proving misconduct and agreed with the dismissal of the charges against Respondent. He wrote separately, however, to stress that the dismissal of the charges should not be perceived as providing Respondent's office with an improper advantage in the prosecution of criminal cases and to comment on the perceived need for Respondent to change the discovery policy of his office. Two of the dissenting Board Members dissented from the dismissal of the charges against Respondent. Although these dissenting Board Members found Respondent had no specific intent to misrepresent the facts to the defense and the court, relying on *In re Anonymous, No. 126 D.B. 92,* 26 D. & C. 4th 427 (1995), they would have found that Respondent violated Rule 8.4(c) and should be subjected to public censure. The remaining dissenting Board Members would have recommended reinstatement of the charges for the same reason, but would have recommended that Respondent be subject to private reprimand because he had no previous disciplinary violations.

This court granted allowance of appeal limited to the question of the level of mental culpability which must be shown to establish an attorney's *prima facie* violation of Rule 8.4(c) for an alleged misrepresentation.[6]

In disciplinary cases our review is *de novo;* we are not bound by the findings of the Hearing Committee or the Board. *Office of Disciplinary Counsel v. Christie,* 536 Pa.

---

**6.** Petitioner bears the burden of proving Respondent's professional misconduct in a proceeding based upon a Petition for Discipline. Evidence is sufficient to prove misconduct if a preponderance of that evidence establishes the charged violations and the proof of such conduct is clear and satisfactory. *Office of Disciplinary Counsel v. Duffield,* 537 Pa. 485, 644 A.2d 1186 (1994).

394, 639 A.2d 782 (1994). However, we give substantial deference to the findings and recommendations of the Board. *Id.*

Our Rule 8.4(c) provides in pertinent part:

**Rule 8.4   MISCONDUCT**

It is professional misconduct for a lawyer to:

. . .

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation. . . .

Rule 8.4(c).

Rule 8.4(c) was preceded by Disciplinary Rule (DR) DR 1–102(A)(4), which similarly provided that it was professional misconduct for an attorney to engage in conduct involving misrepresentation.[7]

While this court has not previously addressed an attorney's misrepresentation allegedly violative of Rule 8.4(c), we have addressed an attorney's misrepresentation in the context of DR 1–102(A)(4) in *Office of Disciplinary Counsel v. Geisler,* 532 Pa. 56, 614 A.2d 1134 (1992). In *Geisler,* we did not, however, address the mental culpability standard for an attorney's alleged misrepresentation which Petitioner must meet in order to establish a violation of DR 1–102(A)(4). The evidence in *Geisler* established that the respondent attorney, through his ignorance, failed to perceive that it was impossible for him to provide appropriate services to all of the clients whose cases he accepted. We quoted the Board's opinion in *Geisler* as follows:

**7.**  DR 1–102(A)(4) was a provision found in the Code of Professional Responsibility, which Code was replaced by the Rules of Professional Conduct by order of this court issued October 16, 1987. DR 1–102(A)(4) provided in pertinent part:

**DR 1–102.   Misconduct**

(A) A lawyer shall not:

. . .

(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.
DR 1–102(A)(4).

In order to conceal his neglect, Respondent generally did not respond to client inquiries as to the status of legal matters. When he could not avoid a client, he told the client what he believed the client wanted to hear without knowing the accuracy of his own statements. If the Respondent did not know the answer to a client inquiry, his obligation was to inform the client that he was uncertain. The record shows that the Respondent was overwhelmed with cases so that it does not seem likely that the Respondent could know the status of any given case without checking the case file. We find that the statements Respondent made to his clients, without knowing the accuracy of those statements are misrepresentations under DR 1–102(A)(4).

*Geisler*, 532 Pa. at 60, 614 A.2d at 1136.

We concluded that the respondent's conduct under the facts of *Geisler* amounted to a violation of DR 1–102(A)(4) for which the imposition of discipline was warranted. As our opinion in *Geisler* focused on the discipline to be imposed on the respondent therein rather than his mental culpability, that opinion is of limited value in resolving the question presently before us.

The sole Disciplinary Board decision addressing a mental culpability standard for a violation of either our Rule 8.4(c) or our DR 1–102(A)(4) is *In re Anonymous, No. 126 D.B. 92.* The respondent in *In Re Anonymous, No. 126 D.B. 92* represented to Chief Disciplinary Counsel at an informal admonition proceeding that he had sent, or would be sending, the client file in question to his former client that morning. The respondent's return of the client's file to the client was a condition of the respondent's informal admonition. It turned out that the respondent's representation to Disciplinary Counsel was untrue, and, several months later, the Board had to determine whether the respondent's conduct was a violation of Rule 8.4(c) which warranted the imposition of discipline. The Board explained that "misrepresentation" is defined in part as follows:

"Any manifestation by words or other conduct by one person to another that, under the circumstances, amounts to

an assertion not in accordance with the facts. An untrue statement of fact. An incorrect or false representation." (Black's Law Dictionary (5th ed.1979, 903).)

*In Re Anonymous, No. 126 D.B. 92,* 26 D. & C. 4th at 436.

The Board concluded in *In Re Anonymous, No. 126 D.B. 92* that the respondent's misrepresentation had been made negligently. The Board further decided that a violation of Rule 8.4(c) was established by the respondent's misrepresentation to Disciplinary Counsel as part of his informal admonition, and that the imposition of discipline was warranted. We agree with the Board that the egregiousness of the facts in *In Re Anonymous, No. 126 D.B. 92* called for the imposition of discipline in that case. We also agree with the Board, however, that in the present case it was correct in determining that this decision is of no precedential value regarding the issue *sub judice.*

Given the absence of precedent in Pennsylvania on the issue *sub judice,* this court has looked to case law from other jurisdictions for guidance. We have found decisions from several states addressing attorney misrepresentation pursuant to rules which are identical to our Rule 8.4(c) and our DR 1–102(A)(4). A review of these decisions leads us to conclude that our sister states require a showing that the respondent attorney had mental culpability beyond mere negligence in order to make out a *prima facie* showing of a violation of Rule 8.4(c).

Colorado has been a leading jurisdiction in exploring the issue of attorney misconduct consisting of misrepresentation in violation of Colorado's Rule 8.4(c) and its predecessor, Colorado's DR 1–102(A)(4). In the seminal disciplinary appeal of *People v. Rader,* 822 P.2d 950 (Colo.1992), the Supreme Court of Colorado held that its DR 1–102(A)(4) requires a showing that the attorney possessed a culpable mental state greater than simple negligence and that the element of scienter must be shown in order to establish a *prima facie* violation of the rule.

In defining the element of scienter, the *Rader* court rejected the notion that actual knowledge or intent to deceive must necessarily be established, stating that the element of scienter is made out when the attorney's conduct is reckless, to the extent that he can be deemed to have knowingly made the misrepresentation. The crucial focus for the *Rader* court was whether the misrepresentation was made with reckless ignorance of the truth or falsity, and whether it was uttered with indifference to the consequences. As the court in *Rader* emphasized, scienter is established when an attorney:

> deliberately closed his eyes to facts he had a duty to see ... or recklessly stated as facts things of which he was ignorant. *United States v. Benjamin,* 328 F.2d 854, 862 (2d Cir.) (holding that government could meet its burden of proving willfulness in a prosecution for conspiracy to defraud in sale of unregistered securities by showing that defendant auditor had deliberately closed his eyes to facts that were plainly to be seen or recklessly stated as facts things of which he was ignorant), *cert. denied,* 377 U.S. 953, 84 S.Ct. 1631, 12 L.Ed.2d 497 (1964). *See also Ebrahimi v. E.F. Hutton & Co.,* 794 P.2d 1015, 1017 (Colo.App.1989) (scienter element in civil fraud case is satisfied by either conscious knowledge of the falsity of the representation or such recklessness as amounts to conscious indifference to the truth); ... *B & B Asphalt Co. v. T.S. McShane Co.,* 242 N.W.2d 279, 284 (Iowa 1976) (the element of scienter requires a showing that the alleged false representations were made with knowledge that they were false and this requirement is met when the evidence shows that the representations were made in reckless disregard of their truth or falsity).

*Rader,* 822 P.2d at 953. The Supreme Court of Colorado has continued to apply its holding in *Rader* in disciplinary appeals involving alleged violations of Colorado's Rule 8.4(c), which replaced its DR 1–102(A)(4). *See People v. Clark,* 927 P.2d 838 (Colo.1996). In addition to Colorado several other states have discussed the level of scienter required to establish a violation of Rule of Professional Conduct 8.4(c).

In *State ex rel. Okl. Bar Ass'n v. McMillian,* 770 P.2d 892 (Okl.1989), the Oklahoma Supreme Court held that to establish a violation of Oklahoma's DR 1–102(A)(4), an underlying bad or evil intent, or its equivalent, behind a misrepresentation must be shown. Subsequent to the decision in *McMillian,* Oklahoma adopted its Rule 8.4(c). The Oklahoma Supreme Court has interpreted its Rule 8.4(c) in *State ex rel. Oklahoma Bar Association v. Johnston,* 863 P.2d 1136 (Okl. 1993), and continued to apply the standard discussed in *McMillian.*

The Supreme Court of Alaska, in *In re Simpson,* 645 P.2d 1223 (Alaska 1982), addressed the issue of the mental culpability of an attorney for a violation of Alaska's DR 1–102(A)(4). The Alaska Supreme Court ruled that an intentional misrepresentation by an attorney is a violation of Alaska's DR 1–102(A)(4), whereas a misrepresentation made as the result of gross negligence is not a violation of that rule. The *Simpson* court, finding the respondent attorney therein was grossly negligent in making untrue statements in an interrogatory response, concluded the attorney committed no violation of Alaska's DR 1–102(A)(4).

The Supreme Court of Iowa, in *Committee on Professional Ethics and Conduct of the Iowa State Bar Association v. Ramey,* 512 N.W.2d 569 (Iowa 1994), addressed a violation of Iowa's DR 1–102(A)(4). The respondent attorney in *Ramey* was an experienced prosecutor. During the trial of a criminal case, he was confronted with a chain-of-custody problem and stated to the court that he had personally examined a serialized list of monies and could guarantee that they matched up. The respondent's statement turned out to be untrue. The *Ramey* court found the respondent attorney's conduct in that case fell somewhere between "deliberately misleading" and "made in reckless disregard of the true facts". The Iowa Supreme Court found a violation of its DR 1–102(A)(4) where it was shown that the respondent attorney's misrepresentation was made with, at the least, a reckless disregard for its truth or falsity, emphasizing that the respondent had "personally guaranteed" the veracity of his statement.

It is evident from our review of other jurisdictions' decisions that our sister states have required a showing of some level of mental culpability, beyond mere negligence, on the part of the accused attorney before an attorney's violation of either DR 1–102(A)(4) or Rule 8.4(c) for a misrepresentation is made out.

We find the standard expressed by the Supreme Court of Colorado in *Rader* to be most appropriate in interpreting our Rule 8.4(c). Thus, we hold that a culpable mental state greater than negligence is necessary to establish a *prima facie* violation of Rule 8.4(c). This requirement is met where the misrepresentation is knowingly made, or where it is made with reckless ignorance of the truth or falsity thereof. We agree with the *Rader* court that no actual knowledge or intent to deceive on the part of the Respondent is necessary to establish a *prima facie* violation; the element of scienter is made out if Respondent's conduct was reckless, to the extent that he can be deemed to have knowingly made the misrepresentation.[8] Thus, for the purpose of establishing a prima facia case, recklessness may be described as the deliberate closing of one's eyes to facts that one had a duty to see or stating as fact, things of which one was ignorant.

Our holding today clarifies this court's finding that the respondent in *Geisler* violated DR 1–102(A)(4). The respondent in *Geisler* made misrepresentations which were so reckless that he could be deemed to have made them knowingly.

8. *Cf. Gibbs v. Ernst*, 538 Pa. 193, 647 A.2d 882 (1994), in which this court has set forth the following elements for a cause of action for intentional misrepresentation or fraud in tort law as follows:

(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance. *Id.*, 538 Pa. at 207–08, 647 A.2d at 889. We are not herein requiring that all of the elements for an intentional misrepresentation in tort law be made out in order to establish a *prima facie* violation of Rule 8.4(c). We emphasize that although an attorney must possess a culpable mental state greater than negligence, no actual knowledge or intent to deceive on the part of a respondent is necessary in order to establish a *prima facie* violation. As stated above, the element of scienter is established when conduct is *so reckless* that the misrepresentation can be deemed to have been knowingly made.

Thus, our decision in *Geisler* is unaffected by our holding today.

Having defined the level of mental culpability necessary to establish a *prima facie* violation of Rule 8.4(c), we find it necessary to remand the instant case to the Board to consider the disciplinary charges brought against Respondent consistent with the parameters set forth in this opinion. The decision of the Board is reversed and the matter is remanded for further proceedings.

SAYLOR, J., files a concurring and dissenting opinion in which CASTILLE, J., joins.

SAYLOR, Justice, concurring and dissenting:

I join in the majority's holding that the element of scienter is satisfied, and a *prima facie* violation of Rule 8.4(c) established, by evidence that the misrepresentation in question was made knowingly or with reckless ignorance of the truth or falsity of the representation.

On the record before us, however, I am unable to join in a remand to the Board for the purpose of considering the charges against Respondent in light of this standard. The Disciplinary Board "is of the opinion that [Respondent's] misrepresentation was not intentional and was made upon a *reasonable* reliance on an established office policy .... ." Disciplinary Board Opinion at 21 (emphasis added). In my view, the Board's conclusion that Respondent's reliance on an office policy was reasonable necessarily precludes any finding that the same conduct was reckless to the extent that Respondent can be deemed to have knowingly made the misrepresentation. Accordingly, I would affirm the order of the Disciplinary Board dismissing the charges against Respondent.

CASTILLE, J., joins this concurring and dissenting opinion.